**UNITED STATES DISTRICT COURT**       **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| NICKOLAS WOLFFORD, | § § § | |
| Plaintiff, | § § | |
| *versus* | § § § | CIVIL ACTION NO. 9:23-CV-43 |
| PAM FLETCHER, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Nickolas Wolfford, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled civil rights lawsuit pursuant to 42 U.S.C. § 1983 against District Judge Pam Fletcher, District Attorney Donna Kasper, Court Coordinator Tina Teage, David Cervantes, District Clerk Coralyn Rains, Assistant District Clerk Jennifer Blevins, County Judge Ronnie Jorden, Jail Administrator Jerry Baker, and DEA Agent Michael McCraight. The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the case be dismissed for failure to state a claim upon which relief may be granted.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

The magistrate judge concluded that the claims against Defendants Fletcher, Kasper, Teage, Cervantes, Rains, Blevins, Baker and McCraight were barred by the applicable statute of limitations. Plaintiff contends this conclusion is incorrect because his case is brought pursuant to 42 U.S.C. § 1985, rather than Section 1983 as stated by the magistrate judge. This assertion does

not benefit plaintiff because the applicable period of limitations for lawsuits brought in Texas pursuant to both Section 1983 and Section 1985 is two years. *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987).

Plaintiff also states he should be entitled to the four year period of limitations set forth in 28 U.S.C. § 1658. The residual federal limitations period set forth in Section 1658 applies only to statutes enacted since 1990. *Jones v. R.R. Donnelley & Sons*, 541 U.S. 369, 382 (2004). Section 1658 does not apply to suits brought pursuant to Sections 1983 and 1985. *Walker v. Epps*, 550 F.3d 407, 411 (5th Cir. 2008).

Finally, plaintiff asserts actions were taken by defendants Rains and Blevins within the applicable of period of limitations. While plaintiff alleges he sent documents to defendant Rains and Blevins in 2023, his allegations fail to show the documents were received and that defendants Rains and Blevins took any action with respect to them.

### ORDER

Accordingly, the objections filed by plaintiff in this matter (#67) are **OVERRULED**. The findings of fact and conclusions of law set forth in the report of the magistrate judge (#64) are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment shall be entered in accordance with the recommendation of the magistrate judge.

SIGNED at Beaumont, Texas, this 17th day of February, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE